# EXHIBIT 1

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into effective April 18, 2017 by and between MARCO TORREBLANCA, (hereinafter referred to as the "Plaintiff"), and EURO WOODWORKING INC., and WOLFGANG MICHELITSCH (hereinafter referred to collectively as the "Defendants") (hereinafter, the Plaintiff and Defendants shall collectively be referred to as "Parties"), memorializes a settlement reached and bargained for during arms-length negotiations.

**WHEREAS**, the parties mutually desire to put this protracted litigation to rest without incurring any further expense or further delay, so the parties have entered into this settlement as a reasonable compromise.

## RECITALS

**WHEREAS**, Plaintiff commenced a civil action against Defendants on July 14, 2016 in the United States District Court for the Eastern District of New York, styled *Marco Torreblanca vs. Euro Woodworking Inc., and Wolfgang Michelitsch*, Civil Action No.: 16-cv-03913 (the "Action");

**WHEREAS**, Defendants answered the Complaint on August 15, 2016, and denied and continue to deny any and all liability and/or wrongdoing with respect to any and all of the Plaintiff's claims; and

**WHEREAS**, Plaintiff and Defendants now desire to settle fully and finally all wage and hour and related claims that Plaintiff had, has, or may have had against the Defendants, including

1

but not limited to those claims embodied in the aforementioned Complaint without further litigation and without any finding of fact or admission of liability.

**NOW, THEREFORE,** for and in consideration of the mutual covenants contained herein, and other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    Non-Admission of Liability.

This Agreement shall not in any way be construed as an admission by the Defendants of a violation of any of the Plaintiff's rights.  During this litigation, Defendants in their corporate and individual capacities, denied violating any rights of Plaintiff based on federal, state or local law pertaining to employment or on any other bases, including but not limited to those relating to the potential liability for overtime compensation and other violations of law alleged by Plaintiff, such as whether Plaintiff was fully paid for all of his hours, whether he received time and a half, whether he was entitled to spread of hours, whether all record keeping requirements were complied with, and whether there was bad faith and/or willfulness, with respect to which Defendants dispute all of Plaintiff's claims of liability. Accordingly, this Agreement is a reasonable compromise by the Parties of the disputed claims accompanied by several protections for the Plaintiff as set forth herein, and a discharge of rights limited to wage and hour and associated claims, but, as such, is not an admission by any Party as to the merits of such claims and this Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from any breach hereunder.

2.      Settlement Payment and Dismissal

In complete settlement of any and all claims for actual, compensatory, punitive or other damages, as well as attorney's fees and costs Plaintiff may have had, has or may have, against the Defendants, as enumerated in Paragraph 4 below, and in consideration of (i) the releases given by the Parties as described herein *infra*, and (ii) the dismissal of the action with prejudice attached hereto and made a part hereof as Exhibit "A" with respect to the Plaintiff as against all of the Defendants hereunder, Defendants shall pay the total sum of Fifty Three Thousand Dollars and Zero Cents ($53,000.00) the "Settlement Amount" which is inclusive of all attorney's fees and costs.  Payment of the Settlement Amount shall be paid to the payees designated, and on or before the dates listed in the Schedule of Payments, which is appended hereto as Ex. "B" and which is hereby incorporated herein by reference.

Plaintiff's counsel will email Defendants directly at eurowoodworking@aol.com to confirm receipt of each payment of the settlement amount.

The Settlement Payments may be sent in any manner, but must be received in the office of Plaintiff's counsel by the close of business on the due date in order to be timely, provided however, that if any due date falls on a weekend or holiday, the time for payment shall be deemed extended until the close of business on the next following business day.  In no case, however, shall the Defendants be required to make any payment before the Court has made the requisite fairness finding required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, (2d Cir. 2015) (the "Fairness Finding"). With respect to any payment which has a due date in the Schedule of Payments which precedes the date of the Fairness Finding, all such payments shall be payable within five business days of the date the Fairness Finding appears on the docket.

3

3.    Default

In the event that any of the Settlement Payments described hereinabove in Paragraph 2, *supra*, are not received in the office of Plaintiff's counsel by the close of business on the dates set forth in the Schedule of Payments, or any check given as payment hereunder is dishonored, Plaintiff's counsel shall notify Defendants' counsel, Nolan Keith Klein via electronic mail at klein@nklegal.com and by ordinary mail to Law Offices of Nolan Klein, P.A. 347 W. 36th Street, Ste. 805, New York, New York 10018.  In the event Defendants fail to cure said late payment or dishonor of any such check within five (5) business days from service of said notice, they shall be in default, rendering Defendants jointly and severally liable for the sum of Seventy Nine Thousand Five Dollars and Zero Cents ($79,500.00) (the "Default Amount"), less 150% of any monies theretofore paid by Defendants prior to the occurrence of such default under this Agreement, pursuant to a Confession of Judgment. Such liability shall be in lieu of all costs of collection, interest, to the extent that they have accrued prior to the entry of judgment. Any language contained herein to the contrary notwithstanding, the Defendants shall be entitled to no more than two (2) notices to cure. If there is a third occasion upon which payment is not received in the office of Plaintiff's counsel on the date required by the Schedule of Payments, or a third occasion upon which a check given in payment hereunder is dishonored, or a third occurrence of any combination of the non-receipt of a payment on time or a dishonored check, and two notices to cure have, at such time, previously been served hereunder, no further notice to cure shall be required, and the Plaintiff and/or his counsel may enter judgment upon the confession given

4

hereunder without service of any further notice to cure. The affidavit of confession of judgment which is appended hereto as Ex. "C" is incorporated by reference herein, and shall be held in escrow by Plaintiff's counsel and not released unless there is a default under this Agreement, and either i) Defendants fail to cure within the time period required, or ii) Defendants default and no further notice to cure is required hereunder. After consultation with counsel, Defendants, and each of them, agree that this provision is not a penalty or forfeiture as a matter of New York State substantive contract law. After further consultation with counsel, Defendants warrant that no such argument will be made under any circumstances in the future in opposition to any application for the entry of judgment or in support of any application to vacate any judgment. It is also understood that the Confession of Judgment provision herein was a *sine qua non* for extending the Defendants' time to make payment hereunder, and Plaintiff insisted upon this provision to insure that the Settlement Payments are given sufficient priority among the Defendants' other financial obligations.

4.    Release.

In return for the Settlement Payments that are the subject of this Agreement, the Plaintiff agrees to dismiss the Action, with prejudice, and release, waive, acquit and forever discharge all of the Defendants, jointly and severally, their predecessors, successors, parents, subsidiaries, assigns, agents, directors, officers, employees, representatives, and attorneys ("Released Parties"), and hereby acknowledges full accord and satisfaction of, any and all past and present matters, claims, demands, causes of action, and appeals of any kind, whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law, that are based upon federal, state or local laws governing minimum wage, overtime pay, wage payments, spread-of-hours payments, failure to pay for all hours worked, failure to provide wage statements and/or wage notices failure to keep appropriate timekeeping and payroll records, or otherwise arise out of or relate to the facts, acts, transactions, occurrence, events or omissions alleged in the Action or which could have been alleged in the Action as well as any related attorney's fees and/or costs incurred in the prosecution of this litigation, whether claim was made for same or not in the Action. ("Released Claims"). The Released Claims include, without limitation, claims under the Fair Labor Standards Act, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor

Law §§ 190 et seq., the New York Department of Labor regulations, and all other statutes and regulations related to the foregoing.

5.      Modifications.

This Agreement may not be changed orally but may be changed only by an agreement in writing signed by the Parties.

6.      Satisfaction With Terms and Counsel; Non-Coercion.

This Agreement is entered into by the Parties without duress or undue influence of any kind on the part of any person, firm, or entity, in the free will of the Parties, and in consideration of the obligations of the Parties as set forth herein, and in consideration of the receipt of consideration and protections afforded the Plaintiff in the event of Defendants' default.  The Parties acknowledge that they have not entered into this Agreement in reliance upon any inducement, representations or promise not otherwise contained herein, and that this Agreement supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof. The Parties have consulted with their attorneys of record in the Action regarding the terms of this Agreement and have resolved any questions they may have as to the meaning, effect or interpretation of this Agreement. The decision of the Parties to enter into this Agreement is a fully informed decision, and the Parties are aware of the legal and other ramifications of such decision. Given that all Parties having been represented by counsel and all counsel having read, discussed, and negotiated the provisions of this Agreement at arms' length, ambiguities in this Agreement, if any, shall not be resolved against either Party as the draftsman hereof.

7.    Jurisdiction.

The substantive laws of the State of New York shall govern the validity, construction, enforcement and interpretation of this Agreement, and venue for any dispute between the Parties shall be the United States District Court for the Eastern District of New York ("District Court"). The dismissal with prejudice shall provide that the District Court shall retain jurisdiction over the Action for the purposes of enforcing the terms of this Agreement. If the District Court should refuse or decline to accept jurisdiction over the Agreement or the enforcement of same for any reason, the Parties agree that an action to enforce this Agreement may be filed in the Civil Court of the City of New York, County of Kings or New York State Supreme Court, County of Kings (depending on monetary value), and this provision shall be treated as a valid venue selection provision in any such state court in the event the District Court has declined or refused to accept jurisdiction for any reason.  The Parties agree that a judgment may be entered in any such state court pursuant to CPLR § 3215(i) with the same force and effect as if this Agreement were a stipulation resolving an action originally commenced in such state court, and the Defendants had defaulted thereon.

8.    Severability.

If any provision of this Agreement is or may be held by a court of competent jurisdiction to be invalid, void, or unenforceable to any extent, the validity of the remaining parts, terms or provisions of this Agreement shall not be affected thereby, and such illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement, the remaining provisions shall nevertheless survive and continue in full force and effect without being invalidated in any way.

9.      Counterparts.

This Agreement, and any of the documents incorporated by reference herein or given as part and parcel hereof, may be executed in a number of identical counterparts, and signature by photocopy, facsimile, pdf, or any other consistently reliable means of reproduction shall be treated with the same force and effect as a signed original as against the party to be charged.

10.     No Waiver.

Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of such term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

11.     Section Headings.

Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

12.     Knowing Agreement After Consultation With Counsel and Revocation

ALL PARTIES HAVE CONSULTED WITH THEIR RESPECTIVE ATTORNEYS PRIOR TO SIGNING THIS AGREEMENT AND REPRESENT TO THE OPPOSING PARTIES THAT THEY HAVE DONE SO. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS COUNSEL, ENTERS INTO

THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE THE CLAIMS CONTAINED IN THE RELEASE LANGUAGE IN THIS AGREEMENT.  DEFENDANTS HAVE BEEN ADVISED BY THEIR COUNSEL AND UNDERSTAND AND AGREE THAT THE CONFESSION OF JUDGMENT GIVEN HEREUNDER PROVIDES FOR THE ENTRY OF JUDGMENT FOR AN AMOUNT IN EXCESS OF THE FACE AMOUNT OF THE SETTLEMENT IN THE EVENT OF DEFAULT. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO OBTAIN THE RELEASES, PROMISES AND BENEFITS SET FORTH ABOVE, DEFENDANTS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO BIND THEMSELVES TO ALL OBLIGATIONS AND POTENTIAL CONSEQUENCES FOR NON-PAYMENT OF ANY AMOUNTS REQUIRED TO BE PAID HEREUNDER.

The Parties knowingly and voluntarily sign this Settlement Agreement and Release as of the date(s) set forth below:

**[THIS SECTION INTENTIONALLY LEFT BLANK]**

**SIGNED AND AGREED TO:**

Dated: _06/12/2017_

_____
MARCO TORREBLANCA

STATE OF _NEW YORK_
                                       )ss.:
COUNTY OF _NEW YORK_

On _____6/12_____, 2017 before me personally came to me MARCO
TORREBLANCA known to me to be the individual described in, and who executed the
foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the
same.

**WILLIAM CAFARO**
Notary Public, State of New York
No. 31-4869936
Qualified in New York County
Commission Expires Jan. 22, 2018

_____
Notary Public


**SIGNED AND AGREED TO:**

Dated:_____

EURO WOODWORKING INC.

By:_____
Wolfgang Michelitsch
Officer and Authorized
Representative

STATE OF                      )
                                       )ss.:
COUNTY OF                  )

On _____2017 before me personally came WOLFGANG MICHELITSCH and
acknowledged himself to be an officer and an Authorized Representative of EURO
WOODWORKING INC. and that he, as such, being authorized so to do, executed the foregoing
instrument for the purposes therein contained, by signing his name on behalf of the corporation
by himself as an officer and an Authorized Representative.


_____
Notary Public

10

**SIGNED AND AGREED TO:**

Dated:_____

_____
MARCO TORREBLANCA

STATE OF _____ )
                     )ss.:
COUNTY OF _____ )

On _____, 2017 before me personally came to me MARCO TORREBLANCA known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

**SIGNED AND AGREED TO:**

EURO WOODWORKING INC.

Dated: **6.14.2017**_____

By:_____
Wolfgang Michelitsch
Officer and Authorized
Representative

STATE OF *New York* )
                    )ss.:
COUNTY OF *New York* )

VALERIE K. FERRIER
Notary Public, State of New York
No. 02FE6187325
Qualified in Kings County
Commission Expires May 18, 20 *20*

On *June 14* 2017 before me personally came WOLFGANG MICHELITSCH and acknowledged himself to be an officer and an Authorized Representative of EURO WOODWORKING INC. and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing his name on behalf of the corporation by himself as an officer and an Authorized Representative.

_____
Notary Public

10

**SIGNED AND AGREED TO:**

Dated: 6.14.2017

WOLFGANG MICHELITSCH

STATE OF *New York* )
                                        )ss.:
COUNTY OF *New York* )

On _____*June 14*_____, 2017 before me personally came to me WOLFGANG MICHELITSCH known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Notary Public

VALERIE K. FERRIER
Notary Public, State of New York
No. 02FE6187325
Qualified in Kings County
Commission Expires May 19, 20 *20*

11

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

MARCO TORREBLANCA,                                    Case No. 1: 16-cv-03913

                              Plaintiff,

        -vs.-
                                                      **VOLUNTARY DISMISSAL**
                                                      **WITH PREJUDICE**

EURO WOODWORKING INC.
and WOLFGANG MICHELITSCH,

                              Defendants.
------------------------------------------------------X

     **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned

Parties, through their respective counsel, that the above action be and is hereby dismissed with

prejudice, without costs to either party.

     The Court shall retain jurisdiction over the settlement for the purposes of the enforcement

of the provisions thereof.

Dated: New York, NY                          Dated: New York, NY

_____, 2017                        _____, 2017

LAW OFFICES OF WILLIAM CAFARO                LAW OFFICE OF NOLAN KLEIN P.A

By:_____                          _____
William Cafaro, Esq.                         Nolan K. Klein, Esq.
Amit Kumar, Esq.                             Valerie K. Ferrier
108 West 39th Street, Suite 602              347 W. 36th Street, Suite 805
New York, New York 10018                     New York, NY 10019
(212) 583-7400                               (646) 560-3230
*Attorneys for Plaintiff*                    *Attorneys for Defendants*

        SO ORDERED this ____ day
        of _____, 2017

        _____

13

# EXHIBIT "B"

| Payment Details | Person | Total Payment amount |
|---|---|---|
| Payment 1 | Marco Torreblanca | $ 4,800.00 |
| 5/18/2017 | William Cafaro, PC | $ 500.00 |
| $5,300.00 | | |
| Payment 2 | Marco Torreblanca | $ 5,300.00 |
| 6/18/2017 | William Cafaro, PC | $    - |
| $5,300.00 | | |
| Payment 3 | Marco Torreblanca | $ 5,300.00 |
| 7/18/2017 | William Cafaro, PC | $    - |
| $5,300.00 | | |
| Payment 4 | Marco Torreblanca | $ 5,300.00 |
| 8/18/2017 | William Cafaro, PC | $    - |
| $5,300.00 | | |
| Payment 5 | Marco Torreblanca | $ 5,300.00 |
| 9/18/2017 | William Cafaro, PC | $    - |
| $5,300.00 | | |
| Payment 6 | Marco Torreblanca | $ 5,300.00 |
| 10/18/2017 | William Cafaro, PC | $    - |
| $5,300.00 | | |
| Payment 7 | Marco Torreblanca | $ 3,533.33 |
| 11/18/2017 | William Cafaro, PC | $1,766.67 |
| $5,300.00 | | |
| Payment 8 | Marco Torreblanca | |
| 12/18/2017 | William Cafaro, PC | $ 5,300.00 |
| $5,300.00 | | |
| Payment 9 | Marco Torreblanca | |
| 1/18/2018 | William Cafaro, PC | $ 5,300.00 |
| $5,300.00 | | |
| Payment 10 | Marco Torreblanca | |
| 2/18/2018 | William Cafaro, PC | $ 5,300.00 |
| $5,300.00 | | |

15

# EXHIBIT "C"

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK            }
                             }ss:
COUNTY OF _____}

The Undersigned, Wolfgang Michelitsch, being over the age of eighteen years and being duly sworn, depose and say as follows:

1.      I represent that I am an officer of Euro Woodworking Inc. (hereinafter referred to as "The Entity"), and that I have full authority to sign on behalf of the Entity and to legally bind it.

2.      I sign this Affidavit for Confession of Judgment both in my individual and corporate capacity.

3.      Both the undersigned and the Entity have our actual principal places of business at 47 Hall Street, 8th Floor, Brooklyn, NY 11205.

4.      This confession of judgment is for a debt justly due to Marco Torreblanca (hereinafter referred to as the "Plaintiff") and/or his attorneys pursuant to a certain Settlement and Release Agreement ("Agreement") which resolved a certain action in the United States District Court for the Eastern District of New York, Action No. 16-cv-03913, involving wage and hour claims made by the Plaintiff against me and against the Entity as the Plaintiff's employers.  That action alleged violations of the Fair Labor Standards Act and the New York Labor Law, and this confession was given as part and parcel of the Agreement which settled that action in order to secure the Plaintiff in the event of any default in the payments required under the Agreement.

5.      The Entity, as well as the undersigned individually, hereby confess judgment, and

17

authorize entry of judgment by the Plaintiff and/or his attorneys against the Entity and against the undersigned, individually, personally, jointly and severally, in the sum of Seventy Nine Thousand Five Hundred Dollars and 00/100 Cents ($79,500.00), less 150% of any payments already made. William Cafaro, P.C. and/or Marco Torreblanca shall have the right to enter judgment against the undersigned only if all other conditions required for the entry of judgment are met.

6.      Any signature by me, personally, or on behalf of the Entity, may be signed by pdf, e-mail, by facsimile, or by any other medium capable of reliable reproduction, and the same shall be valid as against the party to be charged.

7.      Judgment may only be entered upon this Affidavit of Confession by Plaintiff's counsel, William Cafaro, ("Cafaro") or by his lawfully designated successor in the event of his death or disability, and any application for the entry of judgment hereunder must be accompanied by an affidavit from Cafaro or his lawfully designated successor giving the Defendants due credit, if any, for any and all payments made prior to the default, and reciting that notice to cure was duly given or explaining why no further notice to cure was required.

8.      In the event the United States District Court for the Eastern District declines or refuses to accept jurisdiction over the enforcement of the Agreement, this Confession of Judgment may be entered in the Civil Court of the City of New York, Kings County or the Supreme Court for the State of New York County of Kings.

**[This Section Intentionally Left Blank]**

18

**SIGNED AND AGREED TO:**

Dated: __6.14.2017__

EURO WOODWORKING INC.

By: _____
Wolfgang Michelitsch
Officer and Authorized
Representative

VALERIE K. FERRIER
Notary Public, State of New York
No. 02FE6187325
Qualified in Kings County
Commission Expires May 18, 2020

STATE OF _New York_ )
                               )ss.:
COUNTY OF _New York_ )

On _June 14_ 2017 before me personally came WOLFGANG MICHELITSCH and acknowledged himself to be an officer and an Authorized Representative of EURO WOODWORKING INC. and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing his name on behalf of the corporation by himself as an officer and an Authorized Representative.

_____
Notary Public

**SIGNED AND AGREED TO:**

Dated: __6.14.2017__

_____
WOLFGANG MICHELITSCH

VALERIE K. FERRIER
Notary Public, State of New York
No. 02FE6187325
Qualified in Kings County
Commission Expires May 18, 2020

STATE OF _New York_ )
                               )ss.:
COUNTY OF _New York_ )

On _June 14_ , 2017 before me personally came to me WOLFGANG MICHELITSCH known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

19